MATTER OF TANG

In Visa Petition Proceedings

A-14083327

*Decided by Board July 10, 1972*

Petitioner's alleged adoption by beneficiary in China in 1945 when she was approximately 14 years of age has not been established for immigration purposes since the provisions of Article 1079 of the Chinese Civil Code required that the adoption be in writing, the authenticity of the written instrument of adoption presented is at issue, and no credible evidence has been presented to support its authenticity. Even if a valid adoption agreement had been presented, there is no showing that petitioner, who,following the death of her father, continued residing, with her mother, in the same house in which she resided prior thereto, ever came under the parental control of the beneficiary; further, doubt as to the *bona fides* of the adoption, raised by the fact beneficiary is the blood uncle of petitioner, has not been explained away.

ON BEHALF OF PETITIONER: Edward E. Merges, Esquire
4321 Seattle-First National Bank Bldg.
Seattle, Washington 98104


The United States citizen petitioner applied for immediate relative status for the beneficiary as her adoptive father under section 201(b) of the Immigration and Nationality Act. The application was initially approved on November 28, 1966 but the approval was subsequently revoked on August 12, 1970. The petitioner appealed from that revocation. This Board, in an order dated April 20, 1971, remanded the case to the District Director in order to secure expert testimony as to the authenticity of a Chinese adoption agreement submitted in support of the application. The District Director was unable to find an expert and returned the file to this Board. The appeal will be dismissed.

The petitioner was born in China on October 10, 1931. According to her affidavit dated June 9, 1969, she lived in China in a large house with her parents, grandmother, brother and sister, her father's brother (the beneficiary) and her uncle's wife. Her father died on September 7, 1945. Upon his deathbed he apparently asked his brother to take the children and raise them as his own.

The petitioner and her younger sister were purportedly adopted

in mainland China by the beneficiary on September 10, 1945. The petitioner was almost 14 years of age at the time. Article 1079 of the Civil Code of the Nationalist Republic of China required that an adoption be in writing, unless an "infancy adoption" had taken place. The term "infancy adoption" relates to an adoption occurring before the child involved had attained the age of seven years. Therefore, in the present case an infancy adoption was not possible, and the petitioner must prove her adoption by means of a written agreement of adoption.

The petitioner claims that there was a written agreement of adoption in her case. At first no document was presented. The beneficiary, in a statement dated September 26, 1966, stated: "I do not have the adoption agreement. It was left in the village." In her affidavit the petitioner noted that she was informed by the Service that a written adoption agreement would be necessary in her case. She stated that she wrote to her adoptive parents, who purportedly sent to the home village in China and secured the writing finally submitted.

The petitioner continued to reside in the same house after the purported adoption. In September of 1948 she went to Hong Kong with her mother, sister and brother. Her uncle, the beneficiary, accompanied them, but returned to China after one month. The petitioner was married in Hong Kong in October of 1948 and came to the United States in 1950. The beneficiary remained in China until 1952, at which time he moved to Hong Kong. Hence, the petitioner resided in the same house as the beneficiary subsequent to the claimed adoption only slightly more than three years.

The District Director adopted the conclusion of the trial attorney, who found the written adoption agreement to be an after-the-fact document, prepared and presented as a result of the Service's request for written proof. Efforts to establish the age of the paper upon which the adoption agreement was written have proven unsuccessful. The file contains no corroborating evidence that an agreement of adoption had been prepared in September of 1945 except for the affidavit of a cousin, Tang Yat Chow. Tang Yat Chow in his affidavit claimed not only that a writing had been executed in 1945 but also in 1954, when the petitioner's brother was also purportedly adopted. That is incorrect, however, inasmuch as the beneficiary stated categorically that there was no writing prepared in 1954 in the case of the petitioner's brother. Consequently, after taking into account all the circumstances present in this case, we must agree with the District Director who concluded that no credible evidence had been presented to support the authenticity of the written instrument of adoption.

Even if a valid adoption agreement had been presented, we

would still have to dismiss the present appeal because the petitioner has not shown the existence of a valid subsisting adoption.

For instance, there is no showing in the present case that the petitioner ever came under the parental control of the beneficiary. All she did was continue residing in the same house, with her mother, that she had been residing in before her father's death. See *Matter of Chapralis*, A–14922517, unreported (BIA, October 24, 1967), which is referred to in *Matter of Yuen*, Interim Decision No. 2130 (BIA, 1972).

In the *Yuen* case, we held that the fact that the putative adoptive father was an uncle raised doubts as to the bona fides of the adoption. We found in that case that the petitioner had failed to explain away the doubt. The same reasoning should apply to the present case, and we find that the petitioner has likewise failed to explain away the doubt present on this score. Also, the fact that the petitioner went to Hong Kong with her mother three years after the claimed adoption, while the beneficiary returned to mainland China after briefly accompanying them to Hong Kong, raises the possibility that the adoption, if any, may have been mutually terminated in accordance with Article 1080 of the Nationalist Civil Code. We find that the petitioner has also failed to offer sufficient evidence to explain away the doubt raised as to the continuing effect of the adoption. See *Matter of Lee*, Interim Decision No. 2098 (BIA, 1972).

Based upon the foregoing, we conclude, then, that the District Director was correct in holding the petitioner had not borne the burden of establishing that the beneficiary is her parent as that term is defined in section 101(b)(2) of the Act. Since the beneficiary does not qualify as a parent for immigration purposes, he is not eligible for preferred status as an immediate relative under section 201(b). The District Director accordingly was correct in revoking the initial approval of the application. The appeal will be dismissed and the following order will be entered.

**ORDER:** The appeal is dismissed.